**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5022**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

WARDELL JERMAINE MCCLAM, JR.,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:08-cr-00230-TDS-1)

Submitted:  November 4, 2010          Decided:  May 27, 2011

Before WILKINSON, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Clark Fischer, RANDOLPH AND FISCHER, Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, Paul Alexander Weinman, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wardell Jermaine McClam Jr., appeals his conviction and 138 month sentence for one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846; 841(a)(1), (b)(1)(A) (2006), and one count of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning whether McClam's indictment was valid, whether his guilty plea was knowing, voluntary, and supported by an adequate factual basis, and whether his sentence was reasonable. McClam was notified of his right to file a pro se supplemental brief and has not done so.

Counsel first questions whether the indictment was sufficient to allege the offenses charged against McClam. A counseled guilty plea waives all antecedent nonjurisdictional defects not logically inconsistent with the establishment of guilt, unless the appellant can show that his plea was not voluntary and intelligent because the advice of counsel "was not within the range of competence demanded of attorneys in criminal cases." Tollett v. Henderson, 411 U.S. 258, 266-67 (1973) (internal quotations and citation omitted). Defects in the indictment are not jurisdictional. United States v. Cotton, 535

2

U.S. 625, 631 (2002).  Accordingly, McClam's counseled guilty plea waives his claim that the indictment was defective.

Next, counsel questions whether the district court ensured that McClam's guilty plea was knowing, voluntary, and supported by an adequate factual basis.  Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that the defendant understands the nature of, the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty.  Fed. R. Crim. P. 11(b).  "In reviewing the adequacy of compliance with Rule 11, this court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant."  United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).

Because McClam did not move the district court to withdraw his guilty plea, any errors in the Rule 11 hearing are reviewed for plain error.  United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002).  "To establish plain error, [McClam] must show that an error occurred, that the error was plain, and that the error affected his substantial rights.  United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007) (citation omitted).  Even if McClam satisfies these requirements, the court retains discretion to correct the error, which it should

3

not exercise unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Id. (internal quotation marks and citation omitted).

A review of the record reveals that the district court complied with the requirements of Rule 11, ensuring that McClam's plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offense to which he pled guilty. We accordingly affirm McClam's conviction.

Finally, counsel questions whether McClam's sentence was legal. A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court properly calculated the defendant's advisory guideline range, we must decide whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Properly preserved claims of procedural error are subject to harmless error review. Lynn, 592 F.3d at 576. If the sentence is free of significant procedural error, the

4

appellate court reviews the substantive reasonableness of the sentence. Id. at 575; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

Here, the court properly calculated the advisory Guidelines range and imposed a sentence significantly below the low end of that range. Moreover, the court discussed the § 3553(a) factors with McClam at length and offered an individualized explanation for the sentence imposed. We conclude that the sentence was not procedurally unreasonable.

Once the court has determined there is no procedural error, it must then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. Here, the sentence was significantly lower than the low end of the advisory Guidelines range, and we conclude it was substantively reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that

a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED